IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 00-CR-157-TCK |
| | ) | (04-CV-367-TCK-FHM) |
| EVERETT LEE CAVELY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant Everett Lee Cavely's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 230), and amended § 2255 motion (Dkt. # 247). The Government filed responses (Dkt. #s 237, 248) and Defendant filed a reply (Dkt. # 246). Defendant has also filed a motion for adjudication (Dkt. # 258). For the reasons discussed below, the Court finds Defendant's § 2255 motion and amended § 2255 motion shall be denied. His motion for adjudication shall be declared moot.

### *BACKGROUND*

Defendant Cavely ("Defendant" or "Cavely") was charged by the grand jury on December 8, 2000. See Dkt. # 1. On March 14, 2001, a second superseding indictment was filed charging Defendant with eleven (11) counts. See Dkt. # 81. The charges included conspiracy to manufacture and manufacturing more than 50 grams of methamphetamine, possessing a firearm in furtherance of a drug-trafficking crime, and maintaining a location for the purpose of manufacturing a controlled substance. Defendant went to trial on all counts. On May 3, 2001, the jury found Defendant guilty on Counts 1, 3, 4, 5, 6, 9, and 10. See Dkt. # 129. Defendant was found not guilty on Count 8, and Count 11 was dismissed by the government after the jury was unable to reach a verdict on that count. Count 2 of the second superseding indictment had been previously dismissed by the Court. On

September 11, 2001, the Court sentenced Defendant to 320 months on Counts 1, 3, 5, and 9, to run concurrently with each other; 240 months on Counts 6 and 10, to run concurrently with each other and with Counts 1, 3, 5, and 9; and 120 months on Count 4, to run consecutively to Counts 1, 3, 5, 6, 9, and 10, for a total term of imprisonment of 440 months. See Dkt. # 175. Judgment (Dkt. # 176) was entered September 25, 2001.

Defendant appealed to the Tenth Circuit Court of Appeals. The Tenth Circuit considered nine (9) issues as follows: (1) defendant's consent to search his warehouse was not voluntary and obtained by deceit; (2) the actions of officers who entered defendant's residential property while looking for a woman for whom they had an outstanding arrest warrant amounted to an illegal "search" under the Fourth Amendment; (3) the officers who arrested defendant just outside the back door of his house, pursuant to an arrest warrant, were not justified in making a brief protective sweep of defendant's house; (4) the district court abused its discretion in denying a mistrial; (5) the forensic scientist's methodology was unreliable; (6) the evidence was insufficient to show that defendant possessed the weapon named in the indictment; (7) the weapons instruction was erroneous; (8) the weapon was improperly found to be a "firearm" within the meaning of federal firearms statute; and (9) the imposition of a two-level increase in offense level for defendant's being a leader or organizer of a criminal activity was clear error. In a published opinion, filed February 4, 2003, the appellate court rejected Defendant's claims and affirmed this Court's judgment. See Dkt. # 224; United States v. Cavely, 318 F.3d 987 (10th Cir. 2003). Defendant filed a petition for writ of *certiorari* at the United States Supreme Court. The petition was denied on June 27, 2003. See Dkt. #s 225, 226.

On April 27, 2004, Defendant filed his § 2255 motion (Dkt. # 230), along with a supporting brief (Dkt. # 233) and exhibits (Dkt. # 234). He raises three (3) claims of ineffective assistance of

2

counsel, as follows:

> A.   Petitioner received ineffective assistance of counsel during petitioner's direct appeal in that petitioner's counsel chose to not argue on direct appeal that petitioner's trial failed to produce sufficient evidence to substantiate that petitioner met the "in furtherance of" element of petitioner's 18 U.S.C. § 924(c)(1)(B)(i) conviction.
>
> B.   Petitioner received ineffective assistance of counsel of (sic) petitioner's suppression hearing in petitioner's case in that petitioner's counsel chose to not impeach witnesses' testimony with said witnesses' prior contradictory testimony.
>
> C.   Petitioner received ineffective assistance of counsel of (sic) petitioner's suppression hearing in petitioner's case in that petitioner's counsel chose to not call witnesses on petitioner's behalf where said witnesses' testimony would have demonstrated that the prosecution's witnesses were somewhat less than truthful.

See Dkt. #s 230, 233. In his amended § 2255 motion (Dkt. # 247), filed July 26, 2004, Defendant asserts that he is entitled to relief pursuant to Blakely v. Washington, 542 U.S. 296 (2004).

## *ANALYSIS*

### A. Evidentiary hearing

The Court finds that an evidentiary hearing is not necessary as the issues can be resolved on the basis of the record. See Townsend v. Sain, 372 U.S. 293, 318 (1963), overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Kennedy, 225 F.3d 1187, 1197 (10th Cir. 2000); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, no evidentiary hearing will be held.

### B. Claims asserted in amended § 2255 motion

The Court is precluded from considering the claims raised by Defendant in his amended § 2255 motion. In his amended motion, Defendant identifies four (4) claims arising under the Supreme

Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). As a preliminary matter, the Court finds that Defendant did not file his amended motion until after expiration of the one-year statute of limitations applicable to § 2255 motions. Defendant's conviction became final on June 27, 2003, when the Supreme Court denied his petition for writ of *certiorari*. As a result, he had until June 27, 2004, to raise claims under § 2255. His original motion, filed April 27, 2004, is timely. Defendant did not seek leave to amend his § 2255 motion, however, until July 9, 2004, see Dkt. # 244, or after expiration of the limitations period.

Furthermore, although the Court granted Defendant's motion to amend and the amended § 2255 motion was filed of record, the Court nonetheless finds that the new procedural rule announced in Blakely does not apply to Defendant's case. As stated above, Defendant's conviction became final on June 27, 2003. The Blakely decision issued on June 24, 2004. Thus, Blakely issued after Defendant's conviction became final and, therefore, must apply retroactively to cases on collateral review to be applicable in this § 2255 proceeding. The Tenth Circuit Court of Appeals has refused to apply Blakely retroactively to cases on collateral review. United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding that Blakely does not apply retroactively to convictions that were already final at the time Blakely issued). Therefore, Defendant may not rely on the new procedural rule announced in Blakely in seeking relief under § 2255. The claims asserted in Defendant's amended § 2255 motion shall be denied.

## C. Defendant's claims of ineffective assistance of counsel lack merit

### 1. *Ineffective assistance of trial counsel*

Defendant claims that his attorney provided ineffective assistance of counsel at the suppression hearing, held in this matter on April 16, 2001. He provides two (2) bases for his claim:

his attorney provided ineffective assistance when (1) he failed to impeach the testimony of witnesses with prior inconsistent statements, and (2) he failed to call witnesses who would have demonstrated that the government's witnesses were "somewhat less than truthful." See Dkt. # 233.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690.  Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.  Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir.1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

### a. Failure to impeach witnesses with prior inconsistent testimony

Defendant alleges that his trial counsel provided ineffective assistance when he failed to impeach the testimony of witnesses at the suppression hearing with a prior inconsistent statements. See Dkt. # 233. Defendant argued at the suppression hearing and on direct appeal that he was deceived by Tulsa Police Officer Ludwig and that, as a result, his consent to search, as it pertained to the October 14, 1999, search of his business, was not voluntary.  The facts underlying Defendant's claim are as follows: On October 14, 1999, one set of police officers, including Officer Ludwig, conducted surveillance of a business, located at 3311 W. Charles Page Boulevard, in Tulsa, Oklahoma, leased to Cavely and his co-defendant, Rickey Lynn Massey ("Massey"). At the same time, another set of police officers, including Officer Wilson, executed a search warrant at the residence of Cavely, located at 2039 E. 13th Pl., in Tulsa, Oklahoma. Those officers encountered Massey at the residence, placed him under arrest, and obtained his written consent to search the business. Police officers at the residence radioed Officer Ludwig at the business that they had Massey in custody and that he had signed a consent to search the business. Officer Ludwig asked Cavely, who was present at the business, for permission to search the business premises.  Cavely conditioned his consent on Massey first giving consent. Officer Ludwig informed Cavely that Massey had already signed a consent to search for the business premises.  Based on that information, Cavely gave permission to search and signed the consent to search form.

The issue considered at the suppression hearing and on direct appeal to the Tenth Circuit related to the notations of time written on the consent to search forms.  The form executed by Massey bore the time 8:23 p.m. The form executed by Cavely, purportedly after Massey had given consent to search, bore the time 8:15 p.m. At the suppression hearing, this Court determined that there was no evidence to show that the times written on the forms were accurate, and that the

6

officers' testimony clearly established that they did not obtain consent from Defendant until after they had obtained consent from Massey. The Tenth Circuit upheld this Court's determination that Defendant's consent to search was voluntary, finding that the determination was based on an assessment of the witnesses' credibility and the existence of substantial support in the record for this Court's ruling. See Cavely, 318 F.3d at 992. Defendant now argues that his attorney provided ineffective assistance of counsel by failing to impeach the testimony of Officer Matt Wilson. Officer Wilson testified at the suppression hearing held in this matter that he was present when Massey signed the consent to search form. See Trans. dated April 16, 2001, at 12. In support of his argument, Defendant has provided selected portions of the transcript from a preliminary hearing held in Tulsa County District Court, Case No. CF-99-5126,[1] on May 4 and 11, 2000. See Dkt. # 233, Trans. Prelim. Hr'g, Vols. I and II. At that hearing, Officer John Griffin testified that he was present when Massey executed the consent to search form and that he notified the officers who were at the business by radio that Massey had signed the consent to search form and that they could proceed to search. Id. at 10. Officer John Wilson[2] also testified at the preliminary hearing held in the state court proceeding. Defendant has provided only a few pages of Officer John Wilson's testimony. As a

---

[1] In Tulsa County District Court, Case No. CF-1999-5126, Cavely was charged with Manufacturing a Controlled Dangerous Substance (Count 1), Trafficking in Illegal Drugs (Count 3), Possession of a Firearm While in Commission of a Felony (Count 4), Possession of a Police Radio While in Commission of a Felony (Count 5), Failure to Obtain a Tax Stamp (Count 6), and Possession of Paraphernalia (Count 9). See www.oscn.net. In that case, Counts 3 and 6 were dismissed after a demurrer was sustained at the conclusion of the preliminary hearing on May 11, 2000. The remaining counts were dismissed at the request of the State on December 19, 2000, or after the December 8, 2000, filing of the indictment in this Court.

[2] At the hearing held in this Court on April 16, 2001, Officer Matt Wilson stated his name for the record as "John Matthew Wilson." See Trans. dated April 16, 2001, at 7. The Court will assume that Officer John Wilson who testified at the state court proceeding is the same as Officer Matt Wilson who testified during criminal proceedings in this Court.

result, the context of the questioning is difficult to establish. It appears, however, that Officer John Wilson testified that he was not present when Massey signed the consent to search form. Id. at 210-11. That testimony appears to be inconsistent with the testimony provided by Officer Matt Wilson in proceedings held in this Court. Significantly, the selected portions of the transcript provided by Defendant reflect that Officer Ludwig also testified at the preliminary hearing held in state court. In that proceeding, Officer Ludwig testified, as he did at the suppression hearing held in this Court, that before Cavely signed the search waiver, he confirmed that Massey had indeed already given consent to search. Id. at 141. After he told Cavely that Massey had given consent, Cavely then signed the search waiver in Ludwig's presence. Id. Officer Ludwig further testified in the state court proceeding that he had been advised via radio, he thought by Officer Wilson, that Massey had signed a search waiver before Cavely signed his search waiver. Id. at 168.

The Court has carefully reviewed the full transcript of the hearing held in this Court on April 16, 2001, on Defendant's motion to suppress.  At the conclusion of the hearing, the Court ruled as follows:

> The search of October 13 (sic), 1999, defendant's motion to suppress that search is overruled. The defendant claims that the waiver to search was obtained by false representation that the co-owner of the property had consented.
> This is basically based on the difference in the time that's noted on both those waivers, and there's nothing that indicates to the Court that these times were set in stone or that there was any official agreement as to the time the waivers were signed or that someone's watch wasn't fast or off, or perhaps even someone purposely put down the wrong time. There's no way to know.
> The evidence is clear, however, from the officers testifying that the search was begun at the residence; that Mr. Massey was at the residence; that he signed a consent and waiver to search the shop; that after this was signed by Mr. Massey, the radio call went into Officer Ludwig, who then went to the shop and spoke with defendant Cavely about the search there.
> Perhaps a more interesting question would have been whether Mr. Massey's consent alone would have been sufficient, but that doesn't present itself since the defendant admits that once he knew that Mr. Massey had signed the search waiver

8

>   for the building that he co-leases, that he also voluntarily consented to the search of the business.
>
>   I believe the evidence is sufficient to show the voluntariness of consent under the totality of the circumstances.

(Trans. dated April 16, 2001, at 64-65). Nothing presented by Defendant in this § 2255 proceeding leads the Court to conclude that the motion to suppress would have been granted as to the search of the business conducted on October 14, 1999, had Defendant's attorney impeached the testimony of the police officers with prior testimony given in the state court proceeding. First, Defendant provided only a partial transcript from the state court matter. Second, and of greater significance, Officer Ludwig testified consistently in the proceedings held in this Court and in state court. In both proceedings, Officer Ludwig testified that he did not obtain Cavely's consent to search until after he received a message by radio that Massey had already given his consent to search the business. Given the consistency of Officer Ludwig's testimony, the Court finds that even if Defendant's counsel performed deficiently in failing to impeach the officers' testimony, Defendant has failed to establish that, but for counsel's unprofessional errors, the result of the hearing on Defendant's motion to suppress would have been different. Therefore, Defendant has failed to satisfy the prejudice prong of the Strickland standard and he is not entitled to relief on his ineffective assistance of counsel claim.

### b. Failure to call witnesses

As his second challenge to his attorney's representation provided at the suppression hearing, Defendant alleges that had his attorney called Tulsa Police Officers Griffin, Franklin, or Ledbetter to testify concerning the June 13, 2000, search of his residence, those officers would have testified that the "protective sweep" conducted by police officers was not justified and was a violation of the 4th Amendment. See Dkt. # 233. In support of his argument, Defendant cites to a supplemental

9

offense report, prepared by Tulsa Police Officers Griffin, Franklin, and Ledbetter. See Dkt. # 233, Ex. A1-A6. That report was prepared by Officers who arrived after Defendant had been arrested and, presumably, after the "protective sweep" had been conducted. The report reflects that Defendant did not give consent to search and the officers proceeded to obtain a search warrant. Id.

Nothing provided by Defendant suggests that his attorney performed deficiently in failing to call Officers Griffin, Franklin, and Ledbetter to testify at the suppression hearing. The record reflects that a "protective sweep" was conducted as a result of Defendant's statement to police officers who participated in serving an arrest warrant that a friend of his was still inside the house. Based on Defendant's statement, the officers conducted a "protective sweep" because of concern for officer safety. The officers were in the house for only a short time and for the limited purpose of removing any individuals who were still inside. See Trans. dated April 16, 2001, at 45, 51, 53-54. After completing the "protective sweep," the police officers obtained a search warrant for the residence. See id. at 42. In evaluating Defendant's direct appeal challenge to this Court's denial of the motion to suppress, the Tenth Circuit concluded that the officers "had a compelling interest in assuring themselves that the house was not harboring other persons who posed a danger to them." Cavely, 318 F.3d at 996. Nothing provided by Defendant, including the supplemental police report, convinces the Court that his attorney performed deficiently in failing to call the additional police officers as witnesses at the suppression hearing. Nothing but Defendant's speculation suggests that those officers would have provided testimony inconsistent with the testimony provided by the government's witnesses concerning the events surrounding the "protective sweep."Defendant has failed to satisfy the Strickland standard. As a result, he is not entitled to relief under § 2255 on this claim of ineffective assistance of counsel.

*2. Ineffective assistance of appellate counsel*

Defendant also asserts that he was denied effective assistance of appellate counsel when his attorney failed to challenge on direct appeal the sufficiency of the evidence supporting the § 924(c) conviction. In order to prevail on an ineffective assistance of appellate counsel claim, Defendant must satisfy the two-pronged Strickland standard discussed above. The Court finds that Defendant's allegations in his § 2255 motion fail to establish deficient performance by appellate counsel. Defendant was convicted on Count 4, use or carrying a firearm during commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(B)(i). On direct appeal, Defendant argued that the government failed to produce sufficient evidence at trial to prove that on October 14, 1999, he "possessed" the firearm alleged in Count 4. See Cavely, 318 F.3d at 998. As noted by the Tenth Circuit, "Count Four alleged that on October 14, 1999, the defendant knowingly possessed a semi-automatic assault weapon, to wit: an S.W.D. Cobray M12 .380 Auto caliber semiautomatic pistol, serial number 12-0005704, in furtherance of the drug-trafficking crimes alleged in Counts One and Three." Id. The Tenth Circuit reviewed the evidence presented during Defendant's trial and went on to hold that under the test for evaluating the sufficiency of the evidence, as announced by the Supreme Court in Jackson v. Virginia, 443 U.S. 307, 319 (1979), the evidence, taken as a whole, "was sufficient for the jury to find beyond a reasonable doubt that appellant constructively possessed the firearm listed in Count Four, *and that he did so in furtherance of the drug-trafficking offenses charged in the indictment.*" Cavely, 318 F.3d at 999 (emphasis added). Thus, the Tenth Circuit specifically determined that the evidence presented at trial was sufficient to demonstrate that Defendant possessed the firearm "in furtherance" of the drug-trafficking offenses as required under 18 U.S.C. § 924(c). As a result, Defendant's instant claim that his appellate counsel provided

ineffective assistance in failing to argue on direct appeal that the government's evidence was insufficient to demonstrate that he possessed the firearm "in furtherance" of the drug-trafficking offenses is without merit. Defendant has failed to satisfy the Strickland standard and he is not entitled to relief on his claim of ineffective assistance of appellate counsel.

## *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claims asserted in his § 2255 motion and amended § 2255 motion. Therefore, both his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and his amended § 2255 motion shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 230), and amended § 2255 motion (Dkt. # 247), are **denied**.
2. Defendant's motion for adjudication (Dkt. # 258) is **declared moot**.
3. The Clerk shall send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals as it relates to Tenth Circuit Case No. 08-5037.

DATED THIS 26th day of March, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE